UNITED STATES FEDERAL COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RASHELLE BRUNO,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Case No. 4:20-cv-187 |
| **NICOLE FORD AND SHIRLEY MAYBERRY, INDIVIDUALLY,** | § § § § | |
| **Defendants.** | § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Rashelle Bruno ("Plaintiff") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Plaintiff in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Plaintiff at time-and-one-

half her regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Plaintiff consistently worked over fifty hours every other week, as Defendants both tracked Plaintiff's time and recorded Plaintiff's hours on her paychecks.

## II. PARTIES

3. Plaintiff was employed by Nicole Ford and Shirley Mayberry within the meaning of the FLSA from April 8, 2017 through the present. Nicole Ford and Shirley Mayberry ("Defendants") are individuals who own and operate a facility providing both home living and home and community-based services to people with intellectual and developmental disabilities. Defendants operate this facility under the name of Sam's Place in Wharton, Texas. They have not registered with the Texas Secretary of State's office and are not operating under any legal entity. They can both be served at 1130 Westgate Drive, Wharton, Texas 77488, or at 1330 North Richmond Road, Wharton, Texas 77488.

4. Nicole Ford and Shirley Mayberry were and are employers of Plaintiff as defined by 29 U.S.C. §203(d).

5. At all times hereinafter mentioned, Nicole Ford and Shirley Mayberry have exercised managerial responsibilities and substantial control over their employees, including Plaintiff, and the terms and conditions of Plaintiff's employment. Nicole Ford and Shirley Mayberry have the authority to: hire, fire and direct her employees, including Plaintiff; supervise and control the employment relationships and work schedules of their employees, including Plaintiff; set and determine the rate and method of pay of their employees, including Plaintiff; and decide whether Plaintiff received overtime compensation. In fact, when Plaintiff complained about Defendants' failure to pay overtime compensation, Nicole Ford and Shirley Mayberry retaliated against Plaintiff by reducing her hours and thus restricting her pay.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law. Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Wharton County, Texas, which is in this District and Division. Plaintiff was an employee of Defendants, and performed work for Defendants in and around Wharton County, Texas. Defendants are subject to this Court's personal jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

13. As a caregiver, Plaintiff handled items including cleaning solutions, mops, buckets, brushes, medical equipment, cooking utensils and medications that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

14. Defendants operate a facility providing services to intellectually and developmentally disabled individuals.

15. Plaintiff worked as a caregiver for Defendants from April 8, 2017 through the present.

16. Plaintiff was paid hourly for her caregiving work.  As such, during all times relevant to this action, Plaintiff was a non-exempt employee.

17. Plaintiff's primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of her clients.

18. For all times relevant to this action, Plaintiff's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

19. Plaintiff did not have the authority to hire or fire other employees, and her suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

20. Plaintiff routinely worked long hours and would consistently work more than fifty hours every other week. Defendants were aware of the precise amount of hours Plaintiff worked, as Defendants tracked Plaintiff's hours and Plaintiff's hours were reflected on her paychecks. Defendants paid Plaintiff only straight time for all hours worked over forty per week.

21. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay overtime compensation to Plaintiff.

22. Upon complaining to Defendants about their refusal to comply with the Fair Labor Standards Act, Defendants retaliated against Plaintiff by reducing her hours and thereby reducing her pay.

## VI. CAUSES OF ACTION:

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

23. Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

24. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Plaintiff for her work in excess of forty hours per week at rates no less than one-and-one-half times her regular rates for which she was employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with applicable law.

### RETALIATION

25. Almost immediately after Plaintiff complained about Defendants' refusal to pay her overtime premiums, Defendants retaliated against Plaintiff by reducing her hours, which directly impacted Plaintiff's income, as she was paid on an hourly basis.

26. The retaliation Plaintiff experienced was a direct result of, and caused by, Plaintiff's complaints regarding the Defendants' refusal to pay overtime compensation. Defendants' actions constitute a violation of 29 U.S.C. § 215(a)(3).

27. Further, this conduct is wholly inconsistent with a good faith effort by the Defendants to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard retaliated against Plaintiff in violation of the FLSA. Therefore, in addition to attorney's fees and costs, Plaintiff seeks compensatory damages and liquidated damages in connection with Defendants' unlawful retaliatory conduct.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Plaintiff Rashelle Bruno pray for judgment against Defendants Nicole Ford and Shirley Mayberry, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff compensatory damages and liquidated damages in connection with Defendants' unlawful retaliatory conduct;

c. For an Order awarding Plaintiff the taxable costs and allowable expenses of this action;

d. For an Order awarding Plaintiff attorneys' fees;

e. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**