| | | |
|---|---|---|
| United States District Court | Southern District of Texas | |

United States District Court
Southern District of Texas
**ENTERED**
April 05, 2021
Nathan Ochsner, Clerk

Rashelle Bruno, §
§
　　　　Plaintiff, §
§
versus　　　　　　　　　§　　　　Civil Action H-20-187
§
Nicole Ford, et al., §
§
　　　　Defendants. §

## Opinion on Summary Judgment

1.　*Background.*

　　In April 2017, Ford hired Bruno as a caregiver for disabled people. Bruno was paid hourly.

　　Shifts on Monday through Friday were nine hours, and shifts on Saturday and Sunday were twelve hours. Caregivers alternated weekly shifts. Bruno argues that the hours calculation is based on the pay period at the time, which ran from Thursday to Wednesday. The first week for her included work for Thursday, Friday, Saturday, Monday, Tuesday, and Wednesday for a total of 57 hours. The second week included work for Sunday for a total of 12 hours. Bruno claims she is owed the additional pay for the 17 overtime hours worked every pay period.

　　Ford claims that the hours calculation is based on the workweek of Monday through Sunday. The first week included Monday, Tuesday, Wednesday, and Sunday for a total of 39 hours. The second week included Thursday, Friday, and Saturday for a total of 30 hours. Ford then says that no overtime hours were worked.

　　On November 21, 2019, the disabled person Bruno was scheduled to care for did not need it that week, so Ford offered Bruno another home to work to compensate the lost hours. Bruno declined.

　　On November 22, 2019, Bruno complained that she was not receiving

the overtime pay she was due.

On November 26, 2019, after consultation with a labor professional, Ford changed the pay period to match the workweek to correct any confusion. Ford notified the staff in a meeting the next week.

On January 17, 2020, Rashelle Bruno sued Nicole Ford and Shirley Mayberry for not paying her overtime compensation and for retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201. Ford and Mayberry have moved for summary judgment saying no overtime pay was owed using the workweek schedule, and there was no adverse employment action. Bruno will lose.

2.  *Unpaid Overtime Compensation.*

To succeed on an unpaid overtime compensation claim, Bruno must show: (a) that there existed an employer-employee relationship during the unpaid overtime periods claimed, (b) that she engaged in activities within the coverage of the Act, (c) that Ford violated the overtime wage requirements, and (d) the amount of overtime compensation due.[1]

The third element is disputed here. Bruno alleges that the overtime calculation should be based on the pay period of Thursday to Wednesday because of the discussions with her supervisor and the documents available to her: her work schedule, pay schedule, and paycheck. She claims that Ford changed the days of the workweek after the litigation was brought and that these documents objectively show what determined the workweek.

Ford says the overtime calculation is based on the workweek of Monday to Sunday. Ford furnishes records that show this was the established workweek.

Under the Act, overtime compensation is calculated based on the workweek. The employer has the right to determine what the workweek is. There is no requirement that the pay period and workweek must coincide. Also, employers are able to change the workweek if intended as permanent and are not

---

[1] *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005).

designed to evade the Act's overtime requirements, even if the change decreases the amount of overtime.

Ford gives records establishing the workweek as Monday to Sunday. She made the determination to change the pay period to match the workweek to clarify the confusion the difference was causing – not to avoid having to make overtime payments.

Because Bruno cannot show that Ford violated the overtime wage requirements, her unpaid overtime compensation claim fails.

3. *Retaliation.*

Because Bruno did not address her retaliation claim in her response to the motion for summary judgment, she has abandoned it.

Had she not abandoned it, the retaliation claim would still fail because she did not complain that she was not paid overtime until after the reason for the reduction in hours arose. Ford was told on November 21, 2019, that the person requiring care would be away and not need that week's care. Ford offered Bruno another home to recuperate the lost hours, but she declined. Bruno then complained about the lack of overtime pay on November 22, 2019. The causal connection required for a retaliation claim is broken, and the retaliation claim fails.

4. *Conclusion.*

Because she cannot show that Ford failed to pay overtime compensation or that she was retaliated against, Rashelle Bruno will take nothing from Nicole Ford and Shirley Mayberry.

Signed on April __5__, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge